IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN AND JOAN CLELLAN,

    Plaintiffs,

v.

Case No. 2:09-CV-930
JUDGE SARGUS
MAGISTRATE JUDGE DEAVERS

FRANKLIN COUNTY SHERIFF
JAMES KARNES, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants Franklin County Commissioners and Franklin County, Ohio's Motion to Dismiss for failure to state a claim. (Doc. 6.) For the reasons that follow, the motion to dismiss is **GRANTED**.

## I.    Background

This action arises out of events that allegedly took place on September 15, 2008, when Plaintiffs John and Joan Clellan called 911 and reported shots being fired toward their home by trespassers. (Compl. ¶¶ 24–27.) Plaintiffs claim that unknown officers from the Harrisburg Police Department and/or the Franklin County Sheriff's Department then arrived at their home, handcuffed them, forced them to lie on the ground, and harassed them for over one and a half hours before releasing them without charge or explanation as to their confinement. (Compl. ¶¶ 5, 29–39.) Plaintiffs allege that, as a result the officers' conduct, they sustained personal injury and damage to their character and reputation. (Compl. ¶¶ 19, 40.)

Plaintiffs bring this action against Defendants Sheriff James Karnes; the Franklin County Commissioners ("the Board"); the County of Franklin, Ohio ("Franklin County"); Brian Wilkinson, Chief of Police for the Harrisburg Police Department; the Village of Harrisburg; four

unknown officers of the Harrisburg Police Department; and four unknown deputy sheriffs of Franklin County. Plaintiffs bring constitutional claims against Defendants pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments. (Compl. ¶ 43.) Plaintiffs further allege state law claims of assault and battery, false arrest, and intentional infliction of emotional distress. (Compl. ¶¶ 48, 50, & 52.)

Plaintiffs filed their complaint in the Court of Common Pleas of Franklin County, Ohio. Defendants then removed the case to this Court pursuant to 28 U.S.C. §§ 1441 & 1446. (Doc. 2.) Franklin County and the Board now move to dismiss for failure to state a claim.

## II. Standard of Review

Rule 12(b)(6) requires dismissal if the complaint fails to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Twombly*, 550 U.S. at 555)(internal quotations omitted).

In two recent cases, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court clarified the standards by which courts are to evaluate the sufficiency of pleadings. In *Twombly*, the Court concluded that, to meet the Rule 8 standard, a complaint must "nudge [] [a plaintiff's] claims across the line from conceivable to plausible." 550 U.S. at 570. The Court held that "[w]hile a complaint attacked by a Rule

2

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his [entitlement] to relief [pursuant to Rule 8(a)(2)] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations and quotations omitted). "[N]aked assertion[s] . . . without some further factual enhancement [] stop[] short of the line between possibility and plausibility of entitle[ment] to relief." *Id.* at 557 (internal quotations omitted). However, according to the Court, the "plausibility standard" articulated in *Twombly* "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting a plaintiff's claims. *Id.* at 556.

In *Iqbal*, the Court made clear that the *Twombly* decision is applicable to all civil actions. 129 S. Ct. at 1953. The Court explained that one of the "principles" underlying *Twombly* is that the ordinary rule that courts must accept as true allegations made in pleadings for purposes of deciding a Rule 12(b)(6) motion does not apply to legal conclusions. *Id.* at 1949. In other words, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

### III. Analysis

#### A. Claims against the Board

Plaintiffs contend that the Board of Franklin County Commissioners was the employer of the unknown deputy sheriffs, who allegedly violated their constitutional rights. The Board contends that no such claim can be maintained against it since it is not the employer of such deputies and cannot be liable under a theory of respondeat superior.

3

Plaintiffs bring claims pursuant to 42 U.S.C. § 1983, alleging the Board violated various constitutional rights. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. Section 1983 does not itself create substantive rights; it merely provides a cause of action for individuals to enforce federal rights created elsewhere. *Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). To succeed on a § 1983 claim, a plaintiff must prove: (1) a party acting under color of state law (2) deprived an individual of a federal statutory or constitutional right. *See Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

While government entities may be liable for constitutional violations under § 1983, such liability cannot arise under a theory of respondeat superior merely because constitutional injuries have been inflicted by their employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, "it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.* In other words, there must be a "*deliberate* action attributable to the [governmental entity] [that] directly caused a deprivation of federal rights." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997)(emphasis in original). At issue then, is whether Plaintiffs have made sufficient allegations in their complaint that a policy or custom of the Board was responsible for their claimed constitutional injuries.

In Paragraph 23 of the complaint, Plaintiffs allege that "Defendants, acting under color of State law, engaged in a pattern, practice, and custom of which acts herein complained were a part, to illegally intimidate, assault, permanently injure and intentionally inflict mental and

4

emotional distress upon Plaintiffs." (Compl. ¶ 23.) Paragraph 42 states that "Defendants . . . reached an understanding, engaged in a sequence of events and / or course of conduct, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiffs." (Compl. ¶ 42.) Finally, Paragraph 43 states that "[e]ach Defendant did reach this understanding, and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive Plaintiffs of their rights." (Compl. ¶ 43.) Under the pleading standard articulated by the Supreme Court in *Iqbal* and *Twombley*, these paragraphs are insufficient to make out a § 1983 claim against the Board.

The complaint contains detailed factual averments about the abuse allegedly suffered by the Plaintiffs at the hands of the law enforcement officers. (*See* Compl. ¶¶ 24-40.) However, absent from the complaint are any factual allegations from which this Court could conclude that Plaintiffs have plausible § 1983 claims against the Board or the County. As stated *supra*, liability for constitutional violations does not attach vicariously to municipal or county entities. Rather, the entities themselves, through established policies or customs, must be the moving force behind the violations. The complaint's allegations of a conspiracy among all Defendants and that a "custom" may have been involved are merely conclusory legal statements. There are no factual averments supporting these conclusions or connecting the incidents of September 15, 2008 with any policies or customs of the Board as is required for a § 1983 claim against a governmental entity. Therefore, under *Twombly*, the averments contained in Paragraphs 23, 42, and 43 of the complaint linking the Board to the conduct of the law enforcement officers are "naked assertions," and, as they are unsupported by factual enhancement, the Court finds that Plaintiffs' § 1983 claims against the Board and its members are not plausible, and accordingly are dismissed.

5

In addition to the § 1983 claims, Plaintiffs bring state law claims against the Board alleging false arrest, assault and battery, intentional infliction of emotional distress, and violations of Sections 2, 9, 14, and 16 of Article I of the Ohio Constitution. The Board contends that the state law claims against it should be dismissed because it does not have control over the operations of the Franklin County Sheriff and thus cannot be held liable under a theory of respondeat superior. The Court agrees. The complaint does not allege any members of the Board were personally involved in the alleged harassment, and respondeat superior is not a viable theory of liability because the Board is not charged with responsibility over the Franklin County Sheriff's Department, the Harrisburg Police Department, or the unknown law enforcement Defendants. *See Ridgeway v. Union County Comm'rs*, 775 F. Supp. 1105, 1110 (S.D. Ohio 1991)("Plaintiffs have also failed in their pendant state law claim against the Union County Commissioners because it is the Sheriff, not the Commissioners, who has sole authority to appoint deputy sheriffs." (citing OHIO REV. CODE § 311.04)). Accordingly, the remaining claims against the Board are dismissed with prejudice.

## B.     Federal and State Claims against Franklin County

Franklin County, as an entity independent of its elected officials or agents, is not a proper defendant in a lawsuit. *See, e.g., McGuire v. Ameritech Servs., Inc.*, 253 F. Supp. 2d 988, 1015 (S.D. Ohio 2003)("counties, as political entities, are not sui juris; they are held accountable through their elected representatives, to wit, their commissioners"); *Stone v. Holzberger*, 807 F. Supp. 1325, 1333 (S.D. Ohio 1992)("The plaintiff named Butler County, Ohio as a defendant in both the initial complaint and in the second amended complaint. Clearly, Butler County, Ohio lacks the capacity to sue or be sued except where specially authorized by statute. The plaintiff should have named as defendants the individual Butler County Commissioners in their official

6

capacities." (internal citations omitted)). Accordingly, Plaintiffs' claims against Franklin County itself are dismissed with prejudice.

## IV. Conclusion

For the reasons discussed above, the Court hereby **GRANTS** the Board and Franklin County's Motion to Dismiss. (Doc. 6.) Plaintiffs' claims against the Board and Franklin County are hereby dismissed.

**IT IS SO ORDERED.**

_____9-2-2010_____  
**DATED**

_____  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**

7