IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN AND JOAN CLELLAN,

    **Plaintiffs,**

v.

Case No. 2:09-CV-930
JUDGE SARGUS
MAGISTRATE JUDGE DEAVERS

FRANKLIN COUNTY SHERIFF
JAMES KARNES, et al.,

    **Defendants.**

## OPINION AND ORDER

This action is before the Court on two matters: (1) Defendant Sheriff James Karnes's ("Sheriff Karnes") Motion for Judgment on the Pleadings (Doc. 26); and (2) the Motion for Summary Judgment (Doc. 33) of Defendants Chief of Police Bryan Wilkinson and the Village of Harrisburg (collectively "Harrisburg Defendants"). For the reasons that follow, the Court **GRANTS** Sheriff Karnes's Motion for Judgment on the Pleadings; and **GRANTS** the Harrisburg Defendants' Motion for Summary Judgment.

### I. BACKGROUND

Plaintiffs Joan and John Clellan's (collectively "Clellans" or "Plaintiffs") complaint provides the following factual allegations:

On September 15, 2008, trespassers yielding guns and riding all-terrain vehicles invaded the Clellans' property. (Comp. ¶ 24.) The band of trespassers fired shots from a wooded area on the Clellans' property and made death threats. (Comp. ¶¶ 24, 26.) The Clellans called 911 and reported the events to the Franklin County Sheriff's Department. (Comp. ¶ 25.) While on the phone, the Clellans witnessed a burst of bright light shine into their home. (Comp. ¶ 28.) Upon opening his front door on his way to check on his mother-in-law, who lived in an adjacent house,

John Clellan realized that the light was coming from the police and he immediately dropped the rifle he was carrying. (Comp. ¶¶ 29–30.)

The police officers directed Mr. Clellan to open the door and get on the ground. (Comp. ¶ 31.) The officers took Joan Clellan outside of the house, and threw her to the ground. (Comp. ¶ 32.) The Clellans allege that the police forcefully handled and tightly handcuffed them, and forced them to lay on broken lumber embedded with nails. (Comp. ¶ 33.) The Clellans also assert that the officers held firearms to each of their heads and verbally threatened them. (Comp. ¶ 35.)

The Clellans bring the following four claims for relief: (1) violations of 42 U.S.C. § 1983 ("Section 1983"); (2) false arrest; (3) assault and battery; and (4) intentional infliction of emotional distress. By Opinion and Order dated September 2, 2011, the Court dismissed Plaintiffs' claims against Franklin County and the Franklin County Commissioners pursuant to Rule 12(b)(6). (*See* Doc. 24.) Presently before the Court are Sheriff Karnes's motion for judgment on the pleadings and the Harrisburg Defendants' motion for summary judgment. Plaintiffs failed to respond to Sheriff Karnes's motion. Additionally, despite the grant of an extension of time with which to respond (Doc. 39), Plaintiffs failed to timely file their response memorandum in opposition to the Harrisburg Defendants' motion for summary judgment. Further, Plaintiffs' response is unsupported by affidavits, depositions, or citations to the record.

## II.    Sheriff Karnes's Motion to Dismiss

### A.    Standard of Review

The Federal Rules of Civil Procedure provide that, "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The standard of review for a Rule 12(c) motion for judgment on the pleadings is

2

identical to the standard courts apply for a motion to dismiss under Rule 12(b)(6). *Sensations, Inc., v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (clarifying the plausibility standard articulated in *Twombly*). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Twombly*, 550 U.S. at 55) (internal quotations omitted).

### B. Discussion

The Clellans brought this action against Sheriff Karnes in his official capacity and in his individual capacity pursuant to Section 1983. Section 1983 provides in relevant part the following:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. A *prima facie* case under Section 1983 requires (1) conduct by an individual acting under color of state law, and (2) this conduct must deprive the plaintiff of rights secured by the Constitution or laws of the United States. *Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1202 (6th Cir. 1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Section 1983

3

merely provides a vehicle for enforcing individual rights found elsewhere and does not itself establish any substantive rights. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).

In the instant action, the Clellans claim violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. The Court will consider whether Plaintiffs' Section 1983 claims against Sheriff Karnes in his official, supervisory, and individual capacities should be dismissed in turn.

### 1. Official Capacity

The Clellans claim that Sheriff Karnes is liable in his official capacity for the actions taking place the night of September 15, 2008. Official capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). The government entity in the instant action is the Franklin County Sheriff's Department.

While government entities may be liable for constitutional violations under Section 1983, such liability cannot arise under a theory of respondeat superior merely because constitutional injuries have been inflicted by their employees or agents. *Monell*, 436 U.S. at 691. "Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under [Section] 1983." *Id.* at 694. In other words, there must be a "*deliberate* action attributable to the [governmental entity] [that] directly caused a deprivation of federal rights." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997) (emphasis in original). At issue then, is whether the Clellans have made sufficient allegations in their complaint that a policy or custom of the Franklin County Sheriff's Department was responsible for their claimed constitutional injuries.

4

In Paragraph 23 of the complaint, the Clellans allege that "Defendants, acting under color of State law, engaged in a pattern, practice, and custom of which acts herein complained were a part, to illegally intimidate, assault, permanently injure and intentionally inflict mental and emotional distress upon Plaintiffs." (Comp. ¶ 23.) Paragraph 42 states that "Defendants . . . reached an understanding, engaged in a sequence of events and/or course of conduct, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiffs." (Comp. ¶ 42.) Finally, Paragraph 43 states that "[e]ach Defendant did reach this understanding, and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive Plaintiffs of their rights . . . ." (Comp. ¶ 43.) Under the pleading standard articulated by the Supreme Court in *Iqbal* and *Twombly*, these paragraphs are insufficient to state an official capacity Section 1983 claim against Sheriff Karnes.

While the complaint does contain detailed factual allegations regarding alleged abuses by the law enforcement officers, notably absent from the complaint are any factual allegations tying the Franklin County Sheriff's Department to those abuses. As stated *supra*, liability for constitutional violations does not attach vicariously to municipal or county entities. Instead, the entities themselves, through established policies or customs, must be the "moving force" behind the violations. *Molton v. City of Cleveland*, 839 F.2d 240, 246 (6th Cir. 1988). The complaint's allegations of a conspiracy among all Defendants and a "custom" that may have been involved are merely legal conclusions. There are no factual averments supporting these conclusions or connecting the incidents of September 15, 2008 with any policies or customs of the Sherriff's Department as is required for a Section 1983 claim against a governmental entity. *See, e.g., Barrett v. Wallace*, 107 F. Supp. 2d 949, 955 (S.D. Ohio 2000) (finding that the plaintiffs "fail[ed] to specify a policy or custom on the part of Warren County or its officials that caused

5

the constitutional violations complained of" and instead the "Plaintiff's Complaint merely makes conclusory allegations that Warren County has 'inadequate policies or custom to supervise, train and investigate its employees'").

The Court concludes that, even when accepting all of Plaintiffs' factual allegations as true, Plaintiffs have failed to state a Section 1983 claim against Sheriff Karnes in his official capacity that is plausible on its face. Accordingly, the Court grants Sheriff Karnes's motion for judgment on the pleadings as it relates to that claim.

### 2. Supervisory Capacity

The Clellans are also suing Sheriff Karnes in his supervisory capacity. Supervisory liability "requires that there must be a direct causal link between the acts of individual officers and the supervisory defendants." *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872 (6th Cir. 1982) (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* at 874. A supervisor cannot be subjected to liability based solely on his right to control employees who may have committed constitutional violations. *Id.* at 872.

In their complaint, the Clellans allege that "[a]t all relevant times herein mentioned, Defendants John Doe(s) were under the direct supervision of their superiors, including Defendant Sheriff Jim Karnes . . . ." (Comp. ¶ 16.) The Clellans further allege in Paragraph 18 of the complaint that "[t]he conduct to which the Plaintiffs were made subject was known to and ratified by the Defendant[ ] Sheriff Jim Karnes . . . who took no action to deter or prevent said Officers from engaging in said conduct." (Comp. ¶18.) However, these allegations fall short of stating a claim against Sheriff Karnes in his role as supervisor of the deputies involved in the

6

incident that is the subject of this suit. In this regard, the allegations do not contain enough, or even any, information concerning Sheriff Karnes's role to render a claim for supervisory liability against him plausible. Rather, the allegations are akin to legal conclusions couched as factual allegations. As stated above, more than just the existence of supervisory authority is required before a superior can be rendered liable for the constitutional violations of a subordinate.

### 3. Personal Capacity

The Clellans are also suing Sheriff Karnes in his personal capacity pursuant to Section 1983. However, as the complaint fails to allege that Sheriff Karnes personally accosted them at their residence on the night of September 15, 2008 or was at the scene of the events alleged in the complaint, Plaintiffs have failed to state a Section 1983 claim against Sheriff Karnes in his individual capacity.

## III. The Harrisburg Defendants' Motion for Summary Judgment

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). To avoid summary judgment, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *accord Moore v. Philip Morris Cos.*, 8 F.3d 335, 340 (6th Cir. 1993). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the

7

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (stating that the court must draw all reasonable inferences in favor of the nonmoving party and must refrain from making credibility determinations or weighing evidence). In responding to a motion for summary judgment, however, the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see Celotex*, 477 U.S. at 324; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). Furthermore, the existence of a mere scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which the jury reasonably could find for the nonmoving party. *Anderson*, 477 U.S. at 251; *see Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Matsushita*, 475 U.S. at 587–88 (finding reliance upon mere allegations, conjecture, or implausible inferences to be insufficient to survive summary judgment).

### B.    Discussion

The Harrisburg Defendants argue that they are entitled to summary judgment on Plaintiffs Section 1983 claim because Plaintiffs have not met the burden required to take this case to trial *i.e.*, establishing a genuine factual dispute that a jury must decide. Plaintiffs' memorandum in opposition consists of a total of three pages. (*See* Doc. 40.) Except for citations related to the Rule 56 standard, the brief cites no case law. Nor is the brief supported by

affidavits or other citations to the record. Plaintiffs direct the court to no factual dispute and merely recite certain allegations contained in the complaint.

The Harrisburg Defendants have thus met their burden of establishing that Plaintiffs' lack evidence to support their Section 1983 claim. Accordingly, the Court grants the Harrisburg Defendants' motion for summary judgment as to that claim.

## IV. Plaintiffs' State Law Claims

While this Court may, in its discretion, retain supplemental jurisdiction over state law claims after the federal claims have been dismissed, pendent state law claims should also normally be dismissed. *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). Because the Court in this Opinion and Order disposes of all of the Clellans' federal claims against the remaining identified Defendants, the Court declines to exercise supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367(c)(3). Consequently, the Clellans' remaining state law claims are dismissed.[1]

## V. CONCLUSION

For the foregoing reasons, Sheriff Karnes's Motion for Judgment on the Pleadings (Doc. 26) and the Harrisburg Defendants' Motion for Summary Judgment (Doc. 33) are **GRANTED**. Further, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, against Sheriff Karnes and the Harrisburg Defendants. These claims are accordingly dismissed. The Clerk is directed to enter judgment in favor of the Harrisburg Defendants on Plaintiffs' Section 1983 claim and close this matter.

---

[1] The Court is aware that, in its Opinion and Order dated September 2, 2010, it resolved the merits of Franklin County and the Franklin County Commissioners' motion to dismiss Plaintiffs' state-law causes of action for failure to state a claim. However, when that Opinion and Order was issued, other federal claims remained pending before the Court.

9

**IT IS SO ORDERED**

_8-17-2011_
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**